JOHN M. KING *vs.* CHARLES D. WRIGHT.

December 6, 1886.

**Chattel Mortgage—Condition against Removal of Property—Breach.**
Where there is a condition in a chattel mortgage that, upon any attempt to remove the property, the mortgagee may take possession, etc., a taking of the property, for any purpose, out of the state, is a breach of the condition.

The plaintiff brought this action in the district court for Otter Tail county, to recover the possession of a span of horses. Upon a trial, before *Baxter*, J., and a jury, the plaintiff had a verdict. Plaintiff appeals from an order granting a new trial on the ground that the verdict was against the evidence.

*Rawson & Houpt* and *H. R. Day,* for appellant.

*J. W. Mason* and *Henry Dressler,* for respondent.

GILFILLAN, C. J. Plaintiff executed to one Connor his promissory note, and, to secure the same, executed to him a chattel mortgage upon a span of horses, in which was contained the stipulation that, if "any attempt shall be made to remove, dispose of, or injure said property, or any part thereof, by said party of the first part, or any other person, then and thereupon it shall be lawful for the said party of the second part, [the mortgagee,] his heirs and assigns, to take said property wherever the same may be found," etc. The parties resided, the property was situated, and the note and mortgage were executed, in the county of Otter Tail, in this state. Afterwards, Connor transferred the note to defendant; and also, afterwards, the plaintiff took the span of horses (as he alleges, for a temporary purpose only) into the territory of Dakota, where they were retaken by defendant under the mortgage. Of course, the mortgage, the incident of the debt, passed with the transfer of the debt to defendant. The taking of the property into Dakota was a breach of the condition in the mortgage. Without undertaking to define what, in all cases, would be a removal of the property, within such a condition, we have no hesitation in saying that taking the property for any such purpose

whatever, without the consent of the mortgagee, out of the state, and beyond the jurisdiction of its courts, is a removal prohibited by the condition.

Order affirmed.